JANE C. McCAFFREY, APPELLANT, *v.* THE TWENTY–THIRD STREET RAILROAD COMPANY, RESPONDENT.

*Action against a street railroad company to recover damages for personal injuries alleged to have been caused by its negligence — it is not enough to send a case to a jury to show that by some possibility the injury might have been caused by the negligence of a defendant.*

APPEAL from a judgment in favor of defendant, entered upon a nonsuit granted at the Kings County Circuit. The action was brought to recover for personal injuries sustained by the plaintiff by being tripped up while crossing Broadway, by a coil of wire caught up from and dragged along the street by one of the defendant's cars.

On August 23, 1886, in the forenoon, the plaintiff was crossing Broadway, New York. A street car was going down town and she waited for it to pass. After it had gone by she started across the street, and as she was passing behind the car her foot caught in a coil of wire which was being dragged along the street by the car. One end of the wire had become wound around the rear axle of the car, and the other end being coiled around six or seven times at the end, was dragging along the street three or four feet behind the car. The plaintiff hurrying, stepped on the coil of wire which was trailing behind the moving car, and was thrown to the ground and sustained injuries.

The court at General Term said : " No claim was made that the wire was a part of the gearing or paraphernalia of the car, nor was there proof that it had been coiled around the axle long enough to afford the presumption of notice to the employes of the defendant. There was an utter failure to show any negligence on the part of the defendant. The plain inference from the testimony was, that the wire had just then been picked up by the car, It was incumbent on the plaintiff to show either that the defendant's employes had actual notice or that it had been there a sufficient length of time, so that if they had exercised due care they would have discovered it. The case of *Mullen* v. *St. John* (57 N. Y., 567), is, therefore, not in point, as this accident might have occurred while the defendant's servants were exercising the utmost care. It is not enough to send a case to a jury to show that by some possibility

the injury might have been caused by the negligence of a defendant. It must be shown that the defendant committed some negligent act or omitted some duty, and that such act or omission caused the injury. The rule is that where the facts are as consistent with due care as with the want of it, no recovery can be had. (*Claflin* v. *Meyer*, 75 N. Y., 260; *Baulec* v. *N. Y. and N. H. R. R. Co.*, 59 id., 356; *French* v. *Buffalo and Erie R. R. Co.*, 2 Abb. Dec., 196.) It was quite as much the duty of the plaintiff to look where she was stepping and discover the wire, as for the conductor to see it while engaged in his duties upon the car, but it is unnecessary to discuss the question of contributory negligence on the part of the plaintiff, as there was a failure to prove negligence on the part of defendant.

"Judgment affirmed, with costs."

*Charles J. Patterson*, for the appellant.

*Leslie W. Russell*, for the respondent.

Opinion by PRATT, J.

Present — BARNARD, P. J., DYKMAN and PRATT, JJ.

Judgment affirmed, with costs.

---

CHARLES McCONNELL, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF FRANCIS McCONNELL, DECEASED, APPELLANT, *v.* JOHN McCULLOUGH, RESPONDENT.

*An action to compel a defendant to convey property held by him to the plaintiff, upon the ground that he acquired the title thereto as trustee for the plaintiff, is not an action for the recovery of real property within the meaning of section 1525 of the Code of Civil Procedure, and the plaintiff if defeated on the first trial is not entitled to a second one.*

APPEAL from an order denying a motion made by the plaintiff for a new trial.

The plaintiff claimed in this action, which was commenced December, 1885, that certain property in the city of Brooklyn, which, at a sale made by the surrogate of Kings county for the payment of debts, was bought by the defendant in March, 1879,